**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- X
HU HOLDINGS, LLC,                                         :
                                                          :
      **Plaintiff,**        :
                                                          :  **Civil Action No. 18-cv-10012-ALC**
   **- against -**                          :
                                                          :
**LAURA'S ORIGINAL BOSTON BROWNIES,**                     :
**INC. D/B/A BHU FOODS,**                                 :  **JURY TRIAL DEMANDED**
                                                          :
                                                          :
     **Defendant.**              :
---------------------------------------------------------- X

## SECOND AMENDED COMPLAINT

  Plaintiff, Hu Holdings, LLC ("HU"), by and through its attorneys, Lackenbach Siegel, LLP, for its second amended complaint against defendant Laura's Original Boston Brownies, Inc. d/b/a Bhu Foods ("Bhu" or "Defendant"), hereby alleges as follows:

## NATURE OF ACTION

  1.  In this action, HU seeks injunctive relief, lost profits, damages and attorneys' fees for Defendant's acts of willful trademark infringement, false designation of origin, false descriptions, and unfair competition, pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and trademark infringement and dilution, injury to business reputation and dilution, and unfair competition under the common law and statutes of the State of New York.

## THE PARTIES, JURISDICTION, AND VENUE

  2.  This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

  3.  HU is a limited liability company organized under the laws of the State of New York, having its principle place of address at 78 5th Ave New York, New York, 10011.

4.     The actions of Defendant complained of in this Complaint have been and continue to be committed within the Southern District of New York.

5.     Upon information and belief, Bhu is a business entity organized and existing under the laws of the State of California, with its place of business in San Diego, California.

6.     Upon information and belief Defendant contracts to supply goods and/or services, and/or transacts business in New York and within this judicial district; and the tortious acts of Defendant complained of in this Complaint, including, without limitation, the willful and illegitimate use of HU's trademarks and goodwill, have caused harm to HU within this judicial district.

7.     Defendant owns and operates an interactive website that offers for sale, sells, and/or ships infringing goods into this judicial district.

8.     Defendant's infringing goods may also be purchased within this judicial district from third party brick and mortar retailers, such as The Vitamin Shoppe.

9.     Based upon Defendant's sale of infringing goods into this judicial district by its interactive website and through brick and mortar stores, personal jurisdiction exists over Defendant pursuant to NYCPLR §§ 301 and 302.

10.    Bhu is an entity with the capacity to be sued in its common name and is deemed to reside, for purposes of this action, in this judicial district because it is subject to the court's personal jurisdiction.

11.    A substantial portion of the events giving rise to this action, including without limitation, Bhu's use of the infringing mark (by virtue of its sales of infringing goods in this judicial distinct) and the resulting harm to HU, have occurred in this judicial district.

2

12.      Venue is proper in this district pursuant to 28 U.S.C. 1391, and more particularly, §§ 1391(b)(1) and 1391(c)(2).

## FACTUAL ALLEGATIONS

13.      In September 2012, HU opened its first retail establishment in New York City.

14.      HU offers both restaurant services (for eat in or take out) and the sale of various food and beverage products at retail. HU's branded goods are sold at its main location, as well as many retail outlets nationwide, including Whole Foods and Fairway. HU's branded goods are also sold throughout the United States via on-line sales.

15.      HU focuses on the preparation and sale of quality food, using only the finest ingredients available.

16.      HU promotes and markets its products and services as healthy, from scratch, and free from gluten, soy, GMO, MSG, preservatives, gums, refined sugar, and canola/vegetable oils. HU's goods and services are promoted to help consumers live a healthier lifestyle and many are compatible with Keto, paleo, vegan, and primal diets.

17.      Since opening, HU has become a critical and popular success at both its physical location and in the worldwide social media realm. It has become a destination restaurant for New Yorkers and travelers from across the country and around the world who are in search of healthy and delicious food.

**HU's Trademarks**

18.      HU has adopted and used, and thus is the owner of many trademarks, slogans, and logos in connection with its products and services, such as, without limitation, "HU", "U (stylized)", "HU KITCHEN", "BE HUMAN", "GET BACK TO HUMAN", and "FOOD FOR HUMANS" (the "Trademarks").

19.     HU is the owner of numerous U.S. Trademark Registrations with respect to its Trademarks (the "Registered Trademarks"):

(a)     HU is the owner of United States Trademark Registration Nos. 4335537, 4234930, 4234931, 4234932, 4243001, and 448205 for the mark HU (stylized), for use in connection with, *inter alia*, restaurant services, retail store services, baked goods, condiments, nuts and nut butters, granola and snack bars, soft drinks and juices, and clothing and related merchandise. The mark of these registrations has been used openly, notoriously, and continuously in interstate commerce since their respective dates of first use set forth in the registrations, all times prior to any of the acts of Defendant complained of herein.

(b)     HU is the owner of United States Trademark Registration No. 4381419, for the mark "FOOD FOR HUMANS" in connection with restaurant services.  The mark of this registration has been used openly, notoriously, and continuously in interstate commerce since at least September 2012, a time prior to any of the acts of Defendant complained of herein.

(c)     HU is the owner of United States Trademark Registration Nos. 4277344, 4302853, and 5586704 for the mark "GET BACK TO HUMAN" for use in connection with, *inter alia,* baked goods, condiments, nut butters and snack bars and with retail store services, and clothing.  The mark of these registrations has been used openly, notoriously, and continuously in interstate commerce since their respective dates of first use set forth in the registrations, all times prior to any of the acts of Defendant complained of herein.

(d)     HU is the owner of United States Trademark Registration No. 4429320 for the mark "BE HUMAN" for use in connection with, *inter alia* baked goods, condiments, granola, snack bars, cookies, and chocolate.  The mark of this registration has been used openly,

notoriously, and continuously in interstate commerce since at least July 2013, a time prior to any of the acts of Defendant complained of herein.

20.     All of the Registered Trademarks are inherently distinctive and strong trademarks.

21.     Because of HU's extensive use and promotions of the Registered Trademarks, and in light of the unsolicited media coverage and notoriety pertaining to HU's goods, services, and Registered Trademarks, the Registered Trademarks have become distinctive and prominent, and indicate a single source of origin of HU's goods and services, and have acquired a secondary meaning.

22.     HU has used its Registered Trademarks continuously since their respective dates of first use.

23.     HU has used its Registered Trademarks extensively since their first use, in connection with a variety of goods and services.

24.     HU has advertised and otherwise promoted its Registered Trademarks extensively since their first use, through social media outlets and other means.

25.     HU's products and services bearing the Registered Trademarks have been sold extensively.

26.     HU's products and services bearing the Registered Trademarks have been the subject of unsolicited media coverage.

27.     By virtue of HU's use, advertising, promotion and sales of goods and services bearing the Registered Trademarks, and the unsolicited media coverage featuring the Registered Trademarks, the Registered Trademarks have become associated with HU and have created an association between HU and its Registered Trademarks in the mind of consumers.

28.    In addition to its Registered Trademarks, HU has used, and thus is the owner of common law trademark rights in additional marks, including: "U (stylized)" and "HU KITCHEN" (the "Common Law Trademarks").

29.    The U (stylized) mark is displayed by the human hand formed in the letter U with a ring in the top center of the hand. It is incorporated into many of the HU and HU composite marks and it is used as a standalone mark on, *inter alia,* coffee cups,  signage, shirts, hats, and sweatshirts. For example:



30.    HU is not claiming ownership or the exclusive right to use the letter "U."  HU's ownership and claims are limited to the Registered Marks as registered and used, and to the Common Law Marks as actually used, including the "U (stylized)" mark in its particular stylization.

31.    The HU KITCHEN mark is used extensively on numerous products and product packaging, as well as on the main exterior signage and interior signage and displays.

32.    Hu commenced using its Common Law Trademarks in around 2012.

33.    HU has used its Common Law Trademarks continuously since their respective dates of first use.

34.    HU has used its Common Law Trademarks extensively since their first use, in connection with a variety of goods and services.

35.     HU has advertised and otherwise promoted its Common Law Trademarks extensively since their first use, through social media outlets and other means.

36.     HU's products and services bearing the Common Law Trademarks have been sold extensively.

37.     HU's products and services bearing the Common Law marks have been the subject of unsolicited media coverage.

38.     The Common Law Trademarks are inherently distinctive and strong trademarks.

39.     Because of HU's extensive use and promotions of the Common Law Trademarks, and in light of the unsolicited media coverage and notoriety pertaining to HU's goods, services, and Common Law Trademarks, the Common Law Trademarks have become distinctive and prominent, and indicate a single source of origin of HU's goods and services, and have acquired a secondary meaning.

40.     The Registered Trademarks and the Common Law Trademarks shall collectively be referred to as "HU's Marks."

**Defendant's Infringing Activities**

41.     Defendant owns and operates an interactive retail website under the mark BHU FOODS, having a web address of www.bhufoods.com (the "Website")

42.     Through the Website, Defendant offers for sale and sells goods under and/or in connection with the marks BHU, BHU FOODS, BHU FIT and  (collectively "Defendant's Infringing Marks").

43.     The goods marketed and sold under and/or in connection with Defendant's Infringing Marks are health foods and snacks, such as granola bars, protein bars, protein cookies, and vegan protein cookie dough (collectively "Defendant's Goods").

44.     Upon information and belief, Bhu owns U.S. Trademark Registration Nos. 5205446 and 5310988 for certain of Defendant's Infringing Marks in connection with certain of Defendants' Goods ("Bhu's Registrations").

45.     Upon information and belief, Defendant commenced using the registered mark ⌐BHŪ⌐ on or around September 1, 2016.

46.     Upon information and belief, Defendant commenced using the registered mark BHU FIT on or around December 29, 2015.

47.     Upon information and belief, Defendant commenced using Defendant's Infringing Marks individually and/or collectively no earlier than December 2015.

48.     Defendant markets Defendants' Goods as healthy, low sugar, high fiber, organic, and clean products that may be consumed while on Keto, Vegan, Paleo, and/or Primal diets.

49.     Defendant's Goods may also be purchased at brick and mortar retail stores, such as The Vitamin Shoppe.

50.     Through its Website, and third party brick and mortar retail stores, Defendant offers for sale and sells Defendants' Goods within this judicial district.

51.     Defendant's Infringing Trademarks are confusingly similar to HU's Marks in sight, sound, and connotation.

52.     Defendant's Goods are related to the goods and services that HU provides under and/or in connection with HU's Marks.

53.     Upon information and belief, Defendant was aware of HU and HU's use of HU's Marks in connection with HU's goods and services it provides at the time Defendant adopted and began to use Defendant's Infringing Marks.

54.     Upon information and belief, Defendant adopted Defendant's Infringing Marks with the intent to deceive consumers and to cause confusion among purchasers, for the purpose of benefitting from the goodwill and public recognition associated with HU's Marks and diverting sales from HU to Defendant.

55.     The aforementioned acts of Defendant are causing a likelihood of confusion in the minds of the trade and the public, and is damaging HU's reputation and goodwill in connection with HU's Marks.

### COUNT I
### CANCELLATION OF BHU'S REGISTRATIONS (LANHAM ACT § 14)

56.     HU repeats and realleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

57.     HU is the owner of HU's Marks.

58.     HU's Marks are valid and subsisting.

59.     HU's U.S. Trademark Registrations for HU's Registered Trademarks are valid and subsisting.

60.     HU commenced using, and continuously used, HU's Marks in commerce since their respective first use dates.

61.     HU's Marks are strong trademarks, based on both their inherent strength and their commercial strength.

62.     HU adopted and used HU's Marks prior to when Bhu commenced using Bhu's  and BHU FIT marks.

63.     Hu's Marks have priority over Bhu's  and BHU FIT marks.

64.     Bhu's (BHŪ) and BHU FIT marks are confusingly similar to HU's Marks in sight, sound, and connotation.

65.     HU's goods and services are goods and services which are sold, distributed, furnished, and/or advertised to the same or similar classes of purchasers as Defendant's Goods.

66.     Upon information and belief, due to the similarities between the parties respective marks and goods, HU's extensive advertising of HU's Marks, and the unsolicited media coverage of HU's Marks, Bhu was aware of HU and of HU's use of HU's Marks prior to the time Bhu selected and commenced using Bhu's (BHŪ) and BHU FIT marks.

67.     Upon information and belief, based upon, without limitation, the similarity of the parties' respective marks, Defendant's prior knowledge of HU and HU's use of HU's Marks and the relatedness of the parties' goods and marketing, Bhu's conduct constitutes bad faith.

68.     As a result of Bhu's conduct, a strong likelihood of confusion is likely to occur between HU's Marks and Bhu's (BHŪ) and BHU FIT marks.

69.     Upon information and belief, including without limitation a review of Bhu's website, Bhu has abandoned all use of the (BHŪ) mark on or in connection with the goods identified in the registration for said mark and has no intention to resume such use.

70.     Upon information and belief, Bhu is the owner of Bhu's Registrations.

71.     Upon information and belief, Bhu's Registrations are currently valid and subsisting.

72.     If Bhu's Registrations are currently valid and subsisting, Bhu's Registrations grant Bhu at least *a prima facie* exclusive right to use Bhu's (BHŪ) and BHU FIT marks, and such right is a source of damage and injury to HU.

73.     For the foregoing reasons, Bhu's Registrations should be cancelled pursuant to 15 U.S.C. § 1064 because (i) HU's Marks have priority over Bhu's *BHU* and BHU FIT marks and there is a likelihood of confusion between the parties respective marks under § 2(d) of the Lanham Act (15 U.S.C. § 1052(d)); and (ii) Bhu has abandoned its *BHU* mark under §§ 14(3) and 45(15 U.S.C. §§ 1064(3) and 1127).

## COUNT II
## REGISTERED TRADEMARK INFRINGEMENT (LANHAM ACT § 32)

74.     HU repeats and realleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

75.     HU is the owner of the Registered Trademarks.

76.     The Registered Trademarks, and their respective U.S. Trademark Registrations, are valid and subsisting.

77.     HU commenced using, and continuously used, the Registered Trademarks in commerce since their respective first use dates.

78.     HU adopted and used the Registered Trademarks prior to when Defendant commenced using Defendant's Infringing Marks.

79.     Defendant's Infringing Marks are confusingly similar to the Registered Trademarks in sight, sound, and connotation.

80.     HU's Registered Trademarks are strong trademarks, based on both their inherent strength and their commercial strength.

81.     HU's goods and services are goods and services which are sold, distributed, furnished and/or advertised to the same or similar classes of purchasers as Defendant's Goods.

82.     Upon information and belief, Defendant was aware of HU and of HU's use of its Registered Trademarks prior to the time Defendant selected and commenced using Defendant's Infringing Trademarks.

83.     Upon information and belief, based upon, without limitation, the similarity of the parties' respective marks, Defendant's prior knowledge of HU and HU's use of its Registered Trademarks, and the relatedness of the parties' goods and marketing, Defendant's conduct constitutes willful trademark infringement.

84.     As a result of Defendant's conduct, a strong likelihood of confusion, mistake, and/or deception, and many persons familiar with HU's Registered Trademarks, are likely to buy Defendant's Goods in belief that Defendant is affiliated with or sponsored by HU and/or that Defendant's Goods originate from HU or are provided by or otherwise authorized or sponsored by HU.

85.     By virtue of Defendant's conduct, Defendant is engaged in infringement of HU's Registered Trademarks, in violation of the Lanham Act § 32, 15 U.S.C. § 1114(1), by using marks wherein such use is likely to cause confusion or mistake, or to deceive.

86.     Defendant intends to make, and have made, unlawful gains and profits from such unlawful infringement and, by reason thereof, HU has been and will be deprived of rights and profits which otherwise would have come to HU, but for such infringements.

87.     HU has no adequate remedy at law for the injury alleged in this Count. The injury is intangible in nature and not capable of being fully measured or valued in terms of money damages. Further, the injury is of a continuing nature and will continue to be suffered so long as Defendant continues its wrongful conduct.

88.     Defendant's acts are willful, malicious and wanton and Defendant will continue its acts of willful infringement unless enjoined by this Court.

89.     Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining HU's monetary damages caused by Defendant's wrongful conduct, HU is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to HU. HU seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages, if and when, and to the extent the damages are ascertained.

**COUNT III**
**THE REGISTERED TRADEMARKS**
**TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,**
**FALSE DESCRIPTION, AND UNFAIR COMPETITION (LANHAM ACT § 43(a))**

90.     HU repeats and realleges each and every allegation contained in the prior paragraphs hereto, and the same are incorporated herein and made a part hereof.

91.     HU is the owner of the Registered Trademarks.

92.     The Registered Trademarks are valid and subsisting.

93.     The Registered Trademarks are inherently distinctive.

94.     The Registered Trademarks have acquired distinctiveness and a secondary meaning.

95.     HU commenced using, and continuously used, the Registered Trademarks in commerce since their respective first use dates.

96.     HU adopted and used the Registered Trademarks prior to when Defendant commenced using Defendant's Infringing Marks.

97.     Defendant's offering of goods and services and its sale of products using Defendant's Infringing Marks create a likelihood of confusion with HU, HU's Registered

Trademarks, and with HU's offering of services and sales of products using its Registered Trademarks.

98.     Defendant's Infringing Marks are confusingly similar to the Registered Trademarks in sight, sound, and connotation.

99.     HU's goods and services are goods and services which are sold, distributed, furnished and/or advertised to the same or similar classes of customers as Defendant's Goods.

100.    Upon information and belief, Defendant was aware of HU and of HU's use of its Registered Trademarks prior to the time Defendant selected and commenced using Defendant's Infringing Marks.

101.    Upon information and belief, based upon, without limitation, the similarity of the parties' respective marks, HU's extensive advertising of HU's Marks, unsolicited media coverage of HU's Marks, and the relatedness of the parties' goods and marketing, Defendant had prior knowledge of HU and HU's use of its Registered Trademarks, and therefore Defendant's conduct constitutes willful trademark infringement.

102.    The acts of Defendant constitute willful infringement of the Registered Trademarks, and the use of a false designations of origin, false representations, and unfair competition, by inducing the erroneous belief that Defendant, Defendant's Infringing Marks, and/or Defendant's Goods are in some manner affiliated with, originate from, and/or are sponsored by HU, and by misrepresenting the nature and/or origin of Defendant's Goods, are all in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

103.    The acts of Defendant have caused irreparable harm and damage to HU and will continue to cause irreparable harm to HU, and have caused and will continue to cause HU to suffer monetary damage in an amount thus far not determined.

104.     HU has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

105.     Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining HU's monetary damages caused by Defendant's wrongful conduct, HU is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to HU. HU seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages if, when and to the extent the damages are ascertained.

## COUNT IV
## THE COMMON LAW TRADEMARKS
## TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, <u>FALSE DESCRIPTION, AND UNFAIR COMPETITION (LANHAM ACT § 43(a))</u>

106.     HU repeats and realleges each and every allegation contained in the prior paragraphs hereto, and the same are incorporated herein and made a part hereof.

107.     HU is the owner of the Common Law Trademarks.

108.     The Common Law Trademarks are valid and subsisting.

109.     The Common Law Trademarks are inherently distinctive.

110.     The Common Law Trademarks have acquired distinctiveness and a secondary meaning.

111.     HU commenced using, and continuously used, the Common Law Trademarks in commerce since their respective first use dates.

112.     HU adopted and used the Common Law Trademarks prior to when Defendant commenced using Defendant's Infringing Marks.

113.    Defendant's offering of goods and services and its sale of products using Defendant's Infringing Marks creates a likelihood of confusion with HU, HU's Common Law Trademarks, and with HU's offering of services and sales of products using its Common Law Trademarks.

114.    Defendant's Infringing Marks are confusingly similar to the Common Law Trademarks in sight, sound, and connotation.

115.    HU's goods and services are goods and services which are sold, distributed, furnished and/or advertised to the same or similar classes of customers as Defendant's Goods.

116.    Upon information and belief, Defendant was aware of HU and of HU's use of its Common Law Trademarks prior to the time Defendant selected and commenced using Defendant's Infringing Marks.

117.    Upon information and belief, based upon, without limitation, the similarity of the parties' respective marks, Hu's extensive advertising of HU's Marks, unsolicited media coverage of HU's Marks, and the relatedness of the parties' goods and marketing, Defendant had prior knowledge of HU and HU's use of its Common Law Trademarks, and therefore Defendant's conduct constitutes willful trademark infringement.

118.    The acts of Defendant constitute willful infringement of the Common Law Trademarks, and the use of a false designations of origin, false representations, and unfair competition, by inducing the erroneous belief that Defendant, Defendant's Infringing Marks, and/or Defendant's Goods are in some manner affiliated with, originate from, and/or are sponsored by HU, and by misrepresenting the nature and/or origin of Defendant's Goods, are all in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

119.    The acts of Defendant have caused irreparable harm and damage to HU and will continue to cause irreparable harm to HU, and have caused and will continue to cause HU to suffer monetary damage in an amount thus far not determined.

120.    HU has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

121.    Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining HU's monetary damages caused by Defendant's wrongful conduct, HU is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to HU. HU seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages if, when and to the extent the damages are ascertained.

## COUNT V
## USE OF NAME WITH INTENT TO DECEIVE
## (NY Gen. Bus. Law § 133)

122.    HU repeats and realleges each allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

123.    HU is the owner of HU's Marks, which are all valid and subsisting.

124.    HU's Marks identify, and are the name of HU.

125.    Defendant used Defendant's Infringing Marks in commerce.

126.    Upon information and belief, Defendant was aware of HU and of HU's use of HU's Marks prior to the time Defendant selected and commenced using Defendant's Infringing Marks.

17

127.    Upon information and belief, based upon, without limitation, the similarity of the parties' respective marks, HU's extensive advertising of HU's Marks, unsolicited media coverage of HU's Marks, relatedness of the parties' respective goods and marketing, and Defendant's prior knowledge of HU and HU's use of HU's Marks, Defendant adopted and used Defendant's Infringing Marks with the intent of causing confusion among consumers with the purpose of benefitting from HU's reputation and goodwill.

128.    Upon information and belief, Defendant used Defendant's Infringing Marks in bad faith.

129.    Upon information and belief, Defendant used Defendant's Infringing Marks with the intent to cause confusion and to deceive the public.

130.    Defendant's use of Defendant's Infringing Marks has created the likelihood of confusion.

131.    The foregoing acts of Defendant constitute a violation of New York Gen. Bus. Law. § 133, for which HU is entitled to injunctive relief.

**COUNT VI**
**COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION**

132.    HU repeats and realleges each allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

133.    HU is the owner of HU's Marks, all of which are valid and subsisting.

134.    HU's Marks are inherently distinctive and have acquired a secondary meaning.

135.    HU commenced using, and continuously used, HU's Marks since their respective first use dates.

136.    HU adopted and used HU's Marks prior to when Defendant commenced using Defendant's Infringing Marks.

137.   HU's Marks and Defendant's Infringing Marks are similar in sight, sound, and connotation.

138.   HU's Marks and Defendant's Infringing Marks are confusingly similar.

139.   Upon information and belief, the acts of Defendant were committed willfully, intentionally, and with bad faith, based upon, without limitation, the similarity of the parties' respective marks, HU's extensive advertising of HU's Marks, unsolicited media coverage of HU's Marks, Defendant's prior knowledge of HU and HU's use of HU's Marks, and relatedness of the parties' respective goods and marketing.

140.   Upon information and belief, Defendant intentionally appropriated HU's Marks with the intent of causing confusion, mistake and deception as to the source of Defendant's Infringing Marks and Defendant's Goods, with the intent to palm-off Defendant's Goods as those of HU's and to misappropriate the efforts and good will of HU.

141.   The acts of Defendant have created a likelihood of confusion.

142.   The acts of Defendant, including Defendant's use of Defendant's Infringing Marks, constitute trademark infringement, in violation of the common law of the State of New York.

143.   The acts of Defendant, including Defendant's use of Defendant's Infringing Marks, constitute unfair competition, in violation of the common law of the State of New York.

144.   The foregoing acts of Defendant have injured and will continue to injure HU, by depriving it of sales of its genuine goods and services, by injuring its business reputation, and by passing off Defendant's Infringing Marks and Defendant's Goods as HU's Marks and goods, all in violation of the common law of the State of New York.

145.    Defendant's acts have caused irreparable harm and damage to HU and have caused HU monetary damage in an amount thus far not determined, for which HU is entitled to its actual damages, Defendant's profits, punitive damages, attorneys' fees and costs.

146.    HU has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

147.    Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining HU's monetary damages caused by Defendant's wrongful conduct, HU is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to HU. HU seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages if, when and to the extent the damages are ascertained

**WHEREFORE**, HU demands judgment against Defendant as follows:

A.    Cancellation of Bhu's Registrations on the grounds of priority and likelihood of confusion pursuant to Lanham Act §§ 2(d), 14(3), 45, 15 U.S.C §§ 1052(d), 1064(3), 1127.

B.    That Defendant's conduct serves to infringe HU's Registered Trademarks, in violation of Lanham Act § 32(1), 15 U.S.C. § 1114(1).

C.    That Defendant's conduct serves to infringe HU's Marks, falsely designate the origin of Defendant's Goods, falsely describe such goods, and unfairly compete with HU, all in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

D.    That Defendant used Defendant's Infringing Marks with the intent to cause confusion and to deceive the public in violation of New York Gen. Bus. Law. § 133.

E.      That Defendant has injured HU by depriving it of sales of its genuine goods and services, by injuring its business reputation, and by passing off Defendant's Infringing Marks and Defendant's Goods as HU's Marks and goods, all in violation of the common law of the State of New York.

F.      That Defendant and its directors, officers, members, managers, employees, attorneys, agents, servants, parents, subsidiaries, affiliates, successors, heirs, assigns, and all others in active concert or participation with Defendant be preliminarily and permanently enjoined from directly or indirectly:

      i.      Using HU's Marks, or any other marks which are similar to or are colorable imitations of HU's Marks, alone or as a part of, or together with, any other designs, word or words, trademark, service mark, trade name, trade dress or other business or commercial designation or any logo, symbol or design, including without limitation Defendant's Infringing Marks;

      ii.     Committing any act which, in and of itself, or from the manner or under the circumstances in which it is done amounts to false designation of origin, false description or false representation of Defendant's Goods and services; and

      iii.    Otherwise unfairly competing with HU.

G.      That the Court issue an Order directing Defendant to file with the Court and serve on HU, within thirty (30) days after the service on Defendant of such injunctions, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction.

H.      That the Court award judgment in favor of HU for the damages sustained by HU and the profits made by Defendant as a result of Defendant's wrongful conduct.

I.      That the Court award judgment in favor of HU in the amount of treble damages.

J.      That the Court award judgment against Defendant for the full costs of this action, including reasonable attorneys' fees.

K.      That the Court award to HU punitive damages sufficient to deter Defendant from committing such willful acts of infringement in the future.

L.      That this Court require a full and complete accounting of all monies received by Defendant as a result of the sales under Defendant's Infringing Marks.

M.      For interest on all amounts found to be due to HU from Defendant, at the prevailing rate, from the date said amounts or any part thereof became or becomes due.

N.      That the Court require Defendant to notify its commercial associates, suppliers, and customers of said Order.

O.      That the Court order such other, further, and different relief as the nature of this action may require and that the Court may deem just and proper.

P.      That the Court retain jurisdiction of this action for the purpose of enabling HU to apply to the Court, at any time, for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

## JURY TRIAL DEMANDED

Plaintiff HU hereby demands a jury trial of all issues so triable.


Dated: Scarsdale, New York                    Respectfully submitted,
      March 5, 2019
                                                              **LACKENBACH SIEGEL LLP**

                                 By: */s/  Robert B. Golden*
                                       Robert B. Golden (RG 6157)
                                       One Chase Road
                                       Lackenbach Siegel, Bldg., Penthouse Fl.
                                       Scarsdale, New York 10583
                                       (914) 723-4300
                                       (914) 725-5674 (fax)
                                       RGolden@LSLLP.com
                                       *Attorneys for HU Holdings LLC*

## Certificate of Service

     I hereby certify that the foregoing document was served upon defendant via the Southern District of New York's ECF System, on defendant's counsel of record as follows:

Laura J. Winston
**KIM WINSTON LLP**
73 Market Street, Suite 376
Yonkers, NY 10710
laurawinston@kimwinston.com


Dated: Scarsdale, New York                    */s/ Eric A. Menist*
      March 5, 2019                              Eric A. Menist